## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GINGER HAYES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-2413-RDR |
| | ) | |
| AMERICAN CREDIT | ) | |
| ACCEPTANCE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REPO REMARKETING, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant Find Track Locate, Inc.'s Motion to Strike Plaintiffs' Rule 26(a)(2) Expert Designations (ECF No. 52). For the reasons explained below, Find Track Locate's motion is denied.

### I.    Background

Plaintiffs Ginger A. Hayes, Richard W. Hayes, and Richard L. Hayes assert claims against the defendants stemming from incidents associated with attempts to collect an alleged debt and enforce a security interest. They assert claims under the Kansas Consumer Protection Act (KCPA), 50 K.S.A. 623, *et seq.* The Second Amended Complaint also alleges that Plaintiffs Ginger W. Hayes and Richard W. Hayes are considered disabled persons under the KCPA, which would entitle them to enhanced penalties if they prevail. Plaintiffs allege that Ginger W.

Hayes is a disabled person because she suffers from and is treated for anxiety.[1] They allege

Richard L. Hayes is a disabled person because he suffers from severe coronary artery disease.[2]

On April 3, 2014, plaintiffs designated their expert witnesses. Included in the

designations are "non-retained expert Dr. Robert Mingle" and "non-retained expert Dr. Charles

Barth, III."[3] Dr. Mingle is Ginger Hayes' treating physician, and Dr. Barth is Richard L. Hayes'

treating physician. The disclosures state that the treating physicians are anticipated to testify

about their patients' health conditions, which may ultimately support a finding that they are

"disabled persons" under K.S.A. § 50-676(b), and the treating physicians are also anticipated to

testify that their patients' health conditions were aggravated as a proximate result of defendants'

conduct.

## II.      Discussion

Although plaintiffs' disclosures specify that the treating physicians are non-retained

experts, Defendant Find Track Locate (FTL) contends that the scope of the treating physicians'

anticipated testimony would render them subject to the requirements of retained experts, which

would include submission of formal expert reports. Because the treating physicians did not

submit formal expert reports, FTL argues that the court should strike their expert designations.

Alternatively, FTL argues that even if the scope of the treating physicians' proposed testimony

does not render them subject to the requirements of formal experts, plaintiffs' summaries of the

treating physicians' anticipated testimonies are also insufficient, and for that reason, the court

should also strike their designations.

---

[1] Second Am. Compl. at ¶ 71.

[2] *Id.* at ¶ 73.

[3] Pls.' Expert Witness Designations at 2, ECF No. 47.

Rule 26(a)(2) governs disclosure of expert testimony. A witness "retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must prepare an expert report.[4]

The report must contain:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the facts or data considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Rule 26 was amended in 2010 to require a more limited disclosure regarding the testimony of other "non-retained experts." Under Rule 26(a)(2)(C), this disclosure must state "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the expert is expected to testify."[5] The purpose behind the more limited disclosure required under Rule 26(a)(2)(C) was to resolve the tension that has often prompted courts to require a formal expert witness report from a witness who would usually be exempted from the requirement, such as a treating physician.[6]

---

[4] Fed. R. Civ. P. 26(a)(2)(B).

[5] Fed. R. Civ. P. 26(a)(2)(C).

[6] Fed. R. Civ. P. 26 advisory committee's note to the 2010 amendments.

Prior to the 2010 amendments, this court held open the possibility that a treating physician could be subject to Rule 26(a)(2)(B)'s requirement of a formal expert report depending on the scope of the treating physician's testimony. Specifically, the court would consider whether the physician's anticipated testimony included information and opinions developed and drawn during the treatment of the patient.[7] Generally,

> [t]o the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert notwithstanding that the witness may offer opinion testimony under Fed. R. Evid. 702, 703, and 705. However, when the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specifically retained to develop specific opinion testimony, he becomes subject to the provisions of Fed. R. Civ. P. 26(a)(2)(B). The determinative issue is the scope of the proposed testimony.[8]

This district has generally allowed "treating physicians to opine on causation without a full-blown expert report where the cause of injury is a necessary part of a patient's treatment."[9]

FTL raises issue with proposed testimony that the plaintiffs are disabled persons under K.S.A. 50-676(b) and proposed testimony that plaintiffs medical conditions were aggravated as a "proximate result" of defendants' conduct. FTL contends this testimony calls for legal conclusions and medical conclusions that are beyond that which are incidental to the care and treatment of plaintiffs. FTL also contends that plaintiffs' counsel could not confirm that these opinions are contained in the treating physicians' records or that the treating physicians provided care and treatment to these plaintiffs during the time period at issue in the amended complaint.

---

[7] *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 2195760, at *3 (D. Kan. July 22, 2009).

[8] *Id.* at *2 (quoting *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)).

[9] *Id.* (citing cases); *see also Stanton v. Greens at Shawnee Apartments Mgmt. Co.*, No. 11-2478-CM, 2012 WL 4867228, at *4 (D. Kan. Oct. 15, 2012) (Noting that "[c]ourts have found a variety of subjects are properly within a treating physician's opinion and not subject to Rule 26(a)(2)" and citing cases).

Although FTL speculates that the treating physicians' records may not support the anticipated testimony, there is simply nothing contained within plaintiffs' disclosures definitively establishing that the anticipated testimony concerns anything other than information and opinions developed during the course of treatment. The fact that medical records may or may not memorialize the anticipated opinions is not the determinative factor for whether the treating physicians would be subject to the requirements of retained experts. The issue is whether it is apparent that the anticipated opinion testimony extends beyond the information made known to the treating physicians during their care and treatment of their patients. Because this does not appear to be the case, the court finds that the treating physicians' anticipated testimony does not call for them to provide Rule 26(a)(2)(B) expert witness reports.

The court must then decide whether plaintiffs' disclosures adequately comply with Rule 26(a)(2)(C), governing the disclosure of testimony from non-retained experts. As Magistrate Judge Kenneth G. Gale noted in a 2013 opinion, there is scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C).[10] At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert.[11] It is not enough to state that the witness will testify consistent with information contained the medical records or consistent with the testimony given during his or her deposition.[12] Instead, Rule 26(a)(2)(C) disclosures must contain more than a passing reference to

---

[10] *Shepeard v. Labette Cnty. Med. Ctr.*, No. 11-1217-MLB-KGG, 2013 WL 881847, at *1 (D. Kan. Mar. 7, 2013).

[11] *See id.*

[12] *See, e.g., Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 WL 1189439, at *6 (N.D. Ga. Mar. 21, 2013) (finding it insufficient that a party provided medical records in lieu of a summary of testimony); *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1655547, at *3 (D. Colo. Apr. 29, 2011) (finding it insufficient that non-retained expert witnesses would testify consistent with all matters raised in their depositions).

the general type of care a treating physician provided.[13] They must summarize actual and specific opinions.[14] The disclosing party should provide "a brief account that states the main points" of the entirety of the anticipated testimony.[15] This does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail. Imposing these types of requirements would make the Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s requirement of a formal expert report. That was certainly not the intent behind the 2010 amendments to the rule. Instead, the court "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[16]

FTL makes conclusory statements that plaintiffs' Rule 26(a)(2)(C) disclosures are insufficient because they only generally describe the subject matter of the anticipated testimony and do not summarize the proposed opinions or the facts. This assessment is only partially correct. The disclosures state the treating physicians are expected to testify about Mr. and Ms. Hayes' specific medical conditions, which could support a finding that they are "disabled persons" under K.S.A. § 50-676(b). The disclosures go on to detail the type of prescription medication Ms. Hayes uses and the specific cardiovascular procedures Mr. Hayes has undergone. This is sufficient to put defendants on notice regarding the anticipated testimony concerning Mr. and Ms. Hayes' alleged disabilities under the KCPA.  The disclosures fall short, however,

---

[13] *See Shepeard*, 2013 WL 881847, at *1.

[14] *See id.*

[15] *A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 12-cv-02197-RM-KLM, 2013 WL 5462277, at *3 (Sept. 30, 2013) (quoting *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011)).

[16] *Valentine v. CSX Transp., Inc.*, No. 09-1432-JMS-MJD, 2011 WL 7784120, at *4 (S.D. Ind. May 10, 2011).

concerning the anticipated testimony that defendants' conduct proximately caused Mr. and Ms. Hayes' respective health conditions to worsen. The disclosures lack any factual detail describing how this is the case. The disclosures need to be more specific with regard to why the treating physicians believe that the defendants' conduct caused their patients' conditions to worsen and how their patients' conditions worsened as a result of the defendants' actions. The addition of this information would put defendants on notice regarding the basis for this line of anticipated testimony.

Because plaintiffs' disclosures fail to fully comply with Rule 26(a)(2)(C), the court must consider whether to strike the disclosure under Rule 37(c). When a party fails to provide the information required under Rule 26(a)(2), the party is not allowed to use that witness to supply evidence "unless the failure was substantially justified or is harmless."[17]  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[18] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.[19] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make a proper

---

[17] Fed. R. Civ. P. 37(c)(1); *see also Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 952 (10th Cir. 2002); *see In re Cessna 208 Series Aircraft Prods. Liab. Litig.,* 2008 WL 4937651, at *3) ("Rule 37(c)(1) provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) is not—unless such failure is harmless—permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed.").

[18] *Sibley,* No. 08-2063-KHV, 2013 WL 1819773, at *7 (citations omitted).

[19] *Id.* (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999); *Gutierrez v. Hackett,* 131 F. App'x 621, 625-26 (10th Cir. 2005)).

disclosure.[20] The primary goal of sanctions is to deter misconduct.[21] "In ruling on a motion to exclude expert testimony under Rule 37(c)(1), the court should bear in mind that it is a 'drastic sanction.'"[22]

Plaintiffs' disclosures put the defendants on notice generally that the treating physicians would be testifying their conduct proximately caused plaintiffs' medical conditions to worsen. Despite the disclosures' lack of specificity, defendants should not be surprised by this line of anticipated testimony. Moreover, any prejudice resulting from the lack of specificity can be cured by allowing plaintiffs to supplement their disclosures. Providing additional time will not delay these proceedings. The court has temporarily suspended all case management deadlines to accommodate the participation of a newly named defendant. Finally, there is no indication of a willful failure or bad faith on the part of the plaintiffs. For these reasons, the court denies defendants' motion and orders plaintiffs to serve supplemental Rule 26(a)(2) disclosures that contain the information outlined in this order.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Find Track Locate, Inc.'s Motion to Strike Plaintiffs' Rule 26(a)(2) Expert Designations (ECF No. 52) is denied.

**IT IS FURTHER ORDERED** that within fourteen (14) calendar days from the date of this order plaintiffs shall serve supplemental Rule 26(a)(2) disclosures as directed above.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2014, at Topeka, Kansas.

---

[20] *A.H. v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4272844, at *5 (D. Kan. Oct. 25, 2010) (citations omitted).

[21] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 640 (D. Kan. 2001).

[22] *A.H.*, 2010 WL 4272844, at *5 (citing *Myers v. Mid-West Nat. Life Ins. Co.*, No. 04–cv–00396–LTB–KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton,* 203 F.R.D. at 640)).

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge