**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

GINGER A. HAYES,                    )
RICHARD W. HAYES, and              )
RICHARD L HAYES,                   )
                                   )
              Plaintiffs,          )
                                   )
       v.                          )     Case No. 13-2413-RDR
                                   )
                                   )
FIND TRACK LOCATE, INC.; and       )
MARLENE NEELEY,                    )
                                   )
              Defendants.          )

**MEMORANDUM AND ORDER**

This matter is presently before the court upon defendant
Find Track Locate (FTL), Inc.'s motion to dismiss or, in the
alternative, for summary judgment. Having carefully reviewed
the arguments of the parties, the court is now prepared to rule.

I.

Plaintiffs' second amended complaint contains two causes of
action against defendants FTL, Marlene Neeley and American
Credit Acceptance (ACA), LLC: (a) a claim for damages under the
Kansas Consumer Protection Act (KCPA), K.S.A. § 50-623 et seq.;
and (b) a claim for damages under the Fair Debt Collection
Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. In Count 1,
plaintiffs allege that ACA, FTL and Neeley engaged in deceptive
acts and practices and unconscionable acts and practices under
the KCPA when Neeley, who was employed by FTL, repeatedly

1

telephoned Richard W. Hayes and Ginger Hayes concerning the whereabouts of a truck purchased by Richard L. Hayes and financed by ACA. In Count 2, plaintiffs allege the aforementioned conduct also violated the FDCPA.

The procedural background shows that Ginger Hayes and Richard W. Hayes, mother and son, filed suit against ACA and FTL in Johnson County, Kansas District Court on June 26, 2013. Thereafter, on August 8, 2013, Ginger Hayes and Richard L. Hayes, husband and wife, filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the District of Kansas. The petition made no mention of Ginger's lawsuit against ACA and FTL. The lawsuit of Ginger Hayes and Richard W. Hayes was removed to this court on October 16, 2013, and designated as Case No. 13-2413. Richard L. Hayes filed suit in Johnson County, Kansas District Court on October 16, 2013, raising claims similar to those raised by his wife and son. This case was removed to this court on November 15, 2013, and designated as Case No. 13-2590. ACA then sought to either consolidate the cases or join Richard L. Hayes as a party plaintiff to the case filed by his wife and son. On January 15, 2014, the court granted ACA's motion to join Richard L. Hayes as a party plaintiff to this action. As a result, Richard L. Hayes' separate action was dismissed without prejudice on February 25, 2014. The bankruptcy petition was amended in February 2014 to

2

include the plaintiffs' claims against the defendants.  On August 22, 2014, plaintiffs dismissed their claims against ACA.

In the motion for dismissal, FTL contends that plaintiffs have failed to state a claim in Count 1 under the KCPA because they did not allege that Ginger Hayes or Richard W. Hayes were "consumers" as required by the KCPA.  FTL also argues that plaintiffs have failed to allege any facts showing that it is a "supplier" under the KCPA.  In its motion for summary judgment, FTL asserts that the uncontroverted facts show that Ginger Hayes and Richard W. Hayes were not "consumers" under the KCPA.  FTL further argues that Ginger Hayes and Richard W. Hayes were not part of a "consumer transaction" under the KCPA because they never bought or acquired the truck.  FTL also argues that there is not a genuine issue of material fact that it is a tracking and locating company that arranges for repossession and not a "supplier" under the KCPA.  Finally, FTL contends that it is entitled to summary judgment on any claims made by Richard L. Smith under the KCPA because Richard L. Hayes never entered into any transaction with it.

In their motion to dismiss Count 2, FTL contends that plaintiffs have not adequately alleged that it is a "debt collector" under the FDCPA.  FTL also argues that plaintiffs have not alleged sufficient facts showing that plaintiff Richard W. Hayes is a "consumer" under the FDCPA.  Finally, FTL asserts that plaintiffs have failed to allege any set of facts under which

section 1692f of the FDCPA would afford them relief under the alleged circumstances.

In it motion for summary judgment on Count 2, FTL contends that the uncontroverted facts demonstrate that it was not a "debt collector" and was not attempting to collect a debt.  FLT further argues that there is no genuine issue of material fact that Richard W. Hayes was not a "consumer" under the FDCPA.  Finally, the FTL contends that the only section of the FDCPA, 15 U.S.C. 1692f, that could apply to it does not apply here.

FTL has also contended that Richard L. Hayes and Ginger Hayes are not the real parties in interest in this case and lack standing to pursue it because their claims precede their bankruptcy filing.  FTL suggests that these claims belong to the bankruptcy trustee, not plaintiffs.

II.

The court shall begin with the final argument raised by FTL concerning the filing of the bankruptcy petition since this contention potentially has subject matter jurisdiction issues. FTL contends that Richard L. Hayes and Ginger Hayes are not the real parties in interest to this lawsuit and do not have standing to pursue this action because their claims precede their Chapter 13 bankruptcy filing.  FTL notes that Ginger Hayes failed to indicate in the bankruptcy schedules her action against ACA and FTL.  FTL also contends that Richard L. Hayes should have noted the potential lawsuit in the bankruptcy

petition because the conduct giving rise to the lawsuit arose before the filing of bankruptcy.   FTL argues that only the bankruptcy trustee has standing to assert these claims because they are part of the bankruptcy estate.   FTL asserts that the court can consider matters outside the pleadings concerning the bankruptcy case in order to resolve a challenge to subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

Richard L. Hayes and Ginger Hayes filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Kansas.   The bankruptcy petition was filed after Ginger Hayes filed her claims in this case in the Johnson County District Court on June 28, 2013, but before Richard L. Hayes filed his lawsuit on October 16, 2013.   The conduct of which plaintiffs' complain in this action allegedly occurred in the spring of 2013.

Based upon the nature of the argument raised by FTL, it appears that they are contending that the court lacks subject matter jurisdiction over the claims of Ginger Hayes and Richard L. Hayes because they lack standing.   FTL confuses standing, which may impact subject matter jurisdiction, with real party in interest principles, which do not impact subject matter jurisdiction.   Smith v. United Parcel Service, _____ Fed.Appx. ____, 2014 WL 4377680 at * 2 (10th Cir. Sept. 5, 2014).   The question raised by FTL is who is the real party in interest. Id.

Neither side has provided the court with any cases addressing the issue of whether a Chapter 13 debtor or the bankruptcy trustee is the real party in interest to prosecute a non-bankruptcy cause of action which was property of the estate. FTL relies upon Shields v. U.S. Bank Nat. Ass'n ND, 2006 WL 3791320 (D.Kan. Dec. 22, 2006) for support that Ginger and Richard L. Hayes are not the real parties in interest. Shields, however, is not applicable here because the debtor there had filed a Chapter 7 bankruptcy petition. Id. at *2.

The court finds that Ginger and Richard L. Hayes are the real parties in interest here because a fundamental difference exists between Chapter 7 and Chapter 13 bankruptcies. A Chapter 13 debtor can pursue pre-petition non-bankruptcy claims on behalf of the bankruptcy estate as the real party in interest because the debtor normally remains in possession of all property of the estate. Smith v. Rockett, 522 F.3d 1080, 1081-82 (10th Cir. 2008); Autos, Inc. v. Gowin, 244 Fed. Appx. 885, 889 (10th Cir. 2007); see also Looney v. Hyundai Motor Mfg Alabama, LLC, 330 F.Supp.2d 1289, 1299-1300 (M.D.Ala. 2004)("Considering the structural framework of Chapter 13, including the more limited role of the trustee in Chapter 13 than in Chapter 7, the debtor's property rights under 11 U.S.C. § 1303, the debtor remaining in possession of property prior to and except as provided for in the plan pursuant to 11 U.S.C.

1306(b), that the debtor is not expressly stripped of standing under the Code, and the legislative history of 11 U.S.C. §§ 323; 1303, the court concludes that Looney, a Chapter 13 debtor, does have standing to pursue her claims."). Accordingly, the court shall deny FTL's motion to dismiss or for summary judgment based upon the contention that Ginger and Richard L. Hayes are not the real parties in interest for their claims under the KCPA and the FDCPA.

FTL has also argued, although somewhat vaguely, that Ginger Hayes' failure to disclose this case in her bankruptcy petition deprives her of the capacity to sue here. FTL points out that Ginger Hayes has acknowledged that she told her counsel about the case prior to the filing of the bankruptcy petition, and she signed the bankruptcy petition knowing that it was not listed on any schedule.

There is support for the contention that the failure to disclose assets, including contingent claims, deprives a debtor of the capacity to enforce any unscheduled legal claim. See Clark v. Trailiner Corp., 2000 WL 1694299 at **1-2 (10th Cir. Nov. 13, 2000). However, given the limited look that the parties have provided on this issue, the court declines to dismiss Ginger Hayes' claims on this basis. The only evidence before the court indicates that Mrs. Hayes did inform her counsel of her case and the original petition failed to mention it. Once the defendants raised this issue in this case, Mrs.

7

Hayes bankruptcy counsel amended her bankruptcy petition to include it. Under these circumstances, without any additional information, the court believes that Mrs. Hayes can pursue these claims.

III.

Although FTL's motion is styled as a motion to dismiss or, in the alternative, for summary judgment, the court will decide it under the summary judgment standards because plaintiffs have alleged enough facts to satisfy Iqbal's and Twombly's pleading requirements. See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

Where, as here, the movant expressly captions the motion "in the alternative," to dismiss or for summary judgment, and submits materials outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Fed.R.Civ.P. 12(d) may occur. Marquez v. Cable One, Inc., 463 F.3d 1118, 1121 (10th Cir. 2006)(plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings).

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the

light most favorable to the nonmoving party.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  Id. at 670-71.  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  Id. at 671 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see Adler, 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." Adler, 144 F.3d at 671 (internal citations and quotations omitted). The nonmoving party cannot defeat a properly supported motion for summary judgment by relying on conclusory allegations; rather, the opposing party must come forward with significant admissible probative evidence supporting that party's allegations. Anderson, 477 U.S. at 256.

The court deems the following facts uncontroverted based upon the materials submitted by the parties. Richard L. Hayes acquired a truck from the Midwest Auto Group in December 2011. The truck was ultimately financed by ACA.

Prior to the purchase of the truck by Richard L. Hayes, his son Richard W. Hayes gave him $500. He gave this money to his father as a gift. Richard W. Hayes has indicated that he believed that the $500 would be used as a down payment on the truck, but his father could have used the money on something else. Richard W. Hayes did not accompany his father to the dealer to purchase the truck. Neither Richard W. Hayes nor Ginger Hayes signed any paperwork in connection with the purchase of the truck. Neither of them is on the title to the truck. The only person on the title of the truck is Richard L. Hayes. Ginger Hayes and Richard W. Hayes do not owe any of the debt on the truck or are they legally responsible for the debt.

Richard L. Hayes fell behind on his payments on the truck within the first year that he owned the truck, and he never caught up on his payments. He contacted ACA when he was behind to make payment arrangements. He contacted ACA after repossession of the truck was already being attempted. He told his wife and son that he was trying to work something out with ACA so they would not repossess his truck. He contacted ACA to make another financial arrangement but they could not agree on a payment and he was instructed to contact a supervisor. He

10

could not get a hold of the right people to work out a payment agreement, so he just did not make any of his payments.

After Richard L. Hayes fell behind on the payments, FTL, through an individual who identified herself as Investigator Smith, began to make contacts with Ginger Hayes and Richard W. Hayes about the truck and about the debt owed by Richard L. Hayes. Ginger Hayes and Richard W. Hayes understood that efforts were being made to repossess the truck. At times, Investigator Smith called Ginger Hayes and asked for Richard L. Hayes. Ginger Hayes left messages for Richard L. Hayes, but he threw away the notes and did not call Investigator Smith's telephone number. Richard L. Hayes did not instruct his wife or son to give Investigator Smith his cell phone number. Subsequent efforts were made to repossess the truck, but Ginger Hayes and Richard L. Hayes prevented those efforts.

FTL is not an independent debt collection agency. Investigator Smith had no authority to, or represented that she had authority to, enter into a payment agreement with Richard L. Hayes regarding the truck.

IV.

A. KCPA

FTL begins by arguing that Ginger Hayes and Richard W. Hayes are not consumers under the KCPA. FTL points out that Richard L. Hayes is the person that entered into the consumer

transaction with ACA.  FTL asserts that neither his wife nor his son were involved in acquiring the financed vehicle.

The KCPA provides that no supplier shall engage in any deceptive act or practice or unconscionable act or practice in connection with a consumer transaction.  K.S.A. §§ 50-626 and 50-627.  A consumer is defined as "an individual, husband and wife, sole proprietor, or family partnership, who seeks or acquires property or services for personal, family, household, business or agricultural purposes."  K.S.A. § 50-624(b).  A "consumer transaction" is "a sale, lease, assignment or other disposition for value of property or services within this state . . .to a consumer; or a solicitation by a supplier with respect to any of these dispositions."  K.S.A. § 50-624(c).  "[T]he guiding principle to be applied in interpreting the KCPA is that the act is to be liberally construed in favor of the consumer." State ex rel. Stephan v. Bhd. Bank & Trust Co., 8 Kan.App.2d 57, 649 P.2d 419, 422 (1982); K.S.A. § 50-623.

To have standing to sue under the KCPA, Ginger Hayes and Richard W. Hayes must be consumers.  In order to be a consumer under the KCPA, one must have been a party to the contract for purchase.  First Nat'l Bank of Anthony v. Dunning, 18 Kan.App.2d 518, 855 P.2d 493, 498, rev. denied, 253 Kan. 857 (1993). The KCPA's protection is limited to individuals who directly contract with suppliers for goods or services.   Ellibee v. Aramark

12

Correctional Servs., Inc., 37 Kan.App.2d 430, 154 P.2d 39, 41 (2007).

The facts in this case are clear that Richard L. Hayes is the person who entered into the consumer transaction with ACA. Plaintiffs deemed the following fact asserted by FTL as uncontroverted: "Richard L. Hayes was the person who acquired the vehicle." Thus, the uncontroverted facts show that only Richard L. Hayes is a consumer under the KCPA. Ginger Hayes and Richard W. Hayes do not appear to be consumers under the KCPA because they were not parties to any contract for purchase. See, e.g., First Nat'l Bank of Anthony, 855 P.2d at 498(allowing surety to sue under the KCPA would improperly extend KCPA to third parties that did not benefit from contract).

Plaintiffs, however, attempt to avoid the obvious by asserting (1) Richard W. Hayes provided $500 to his father to purchase the truck; and (2) they are partners in a "family partnership." They contend that these "facts" demonstrate that FTL is not entitled to summary judgment on their KCPA claim.

Plaintiffs have suggested that Richard W. Hayes was a part of the transaction involving the acquisition of the truck either because he gave his father $500 or because he directly delivered the $500 to the seller. FTL contends that neither of these contentions make any difference, even if true, because they do not make Richard W. Hayes a consumer under the KCPA.

The court is not persuaded that plaintiffs' contentions have merit, either factually or legally. In his deposition, Richard W. Hayes initially indicated that he gave his father $500 to help purchase the truck. However, he subsequently made clear that he gave the $500 to his father as a gift and that his father could have spent it on something other than the truck. Moreover, he indicated that he did not deliver the $500 to the seller of the truck because he did not go with his father when his father purchased the truck. In an errata sheet to his deposition, he indicated that the $500 was the down payment on the truck. In a declaration that was attached to plaintiffs' response, Richard W. Hayes states: "I provided my father Plaintiff Richard L. Hayes $500.00 to purchase the subject truck by delivering those funds directly to the retailer of the vehicle." The court does not find that the errata sheet or the declaration create a genuine issue of material fact. The errata sheet does nothing to controvert the statements in Hayes' deposition that he was not at the dealership. In addition, as pointed out by FTL, Richard L. Hayes made a down payment of $1000 on the truck, not $500 as suggested by Richard W. Hayes. The statement contained in the declaration appears to be an effort by plaintiffs to create a "sham" fact issue to avoid summary judgment. In determining whether an affidavit creates a sham fact issue at the summary judgment stage, a court considers whether: (1) affiant was cross-examined during his earlier

testimony; (2) affiant had access to pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) earlier testimony reflects confusion which the affidavit attempts to explain.   Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 973 (10th Cir. 2001).   Richard W. Hayes' declaration came after his deposition and it does not purport to clear up any confusion during the deposition and it does not indicate that he was exposed to any new evidence.

In any event, even if Richard W. Hayes did provide $500 for the down payment, the court continues to conclude that he is not a consumer under KCPA because he was not a party to the contract for the purchase of the truck.   The source of the funds has no bearing on who is a consumer under the KCPA.   Any transaction that Richard L. Hayes had with his son concerning the $500 was separate from his purchase of the truck.

The court also fails to find any support for plaintiffs' contention that the truck was acquired by a "family partnership." There are several reasons why this contention lacks merit.   It appears to be based upon the idea that the plaintiffs were a "family partnership" because they lived together as a family. Plaintiffs contend that the definition of "family partnership" under the KCPA does not mandate any formal requirements such as articles or bylaws.   The court finds that plaintiffs' contention lacks merit under Kansas law.   First, there is no factual

15

support that a "family partnership" acquired the truck. The uncontroverted facts indicate that Richard L. Hayes purchased the truck. Second, there is no legal or factual support for the contention that plaintiffs' family unit constituted a "family partnership." No facts show the three plaintiffs were partners in a family partnership. See K.S.A. § 56a-202. Moreover, there is no legal support for the suggestion that a family unit constitutes a family partnership under Kansas law. Id. A "family partnership" under the KCPA "means a partnership in which all of the partners are natural persons related to each other, all of whom have a common ancestor within the third degree of relationship, by blood or by adoption, or the spouses or the stepchildren of any such persons, or persons acting in a fiduciary capacity for persons so related." K.S.A. § 50-624(d). Plaintiffs fail to recognize that a "family partnership" under the KCPA requires a "partnership" under Kansas law. If there was no need for an actual partnership, this requirement would have not have been included the definition. The language of the definition commands an actual "partnership," not simply a family unit.

Accordingly, Ginger Hayes and Richard W. Hayes lack standing to bring their claims under the KCPA. FTL is entitled to summary judgment on the claims asserted by Ginger Hayes and Richard W. Hayes based upon the KCPA.

The court must next consider whether FTL is entitled to summary judgment because it is not a supplier under the KCPA. FTL asserts that the uncontroverted facts show it is "a tracking and locating company that arranges for repossession." As such, FTL contends that it is not a debt collector and, therefore, not a supplier under the KCPA.

A "supplier" means "a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. § 50-624(j). The Kansas Supreme Court has held that "an independent debt collection agency falls within the definition of a 'supplier' and is subject to the provisions of the KCPA" if three conditions are satisfied: (1) the debt arose from a consumer transaction; (2) the underlying consumer transaction involved a "supplier" and a "consumer" as defined in the KCPA; and (3) "[t]he conduct complained of, either deceptive or unconscionable, occurred during the collection of, or an attempt to collect, a debt which arose from the consumer transaction and was owed by the consumer to the original supplier." State ex rel. Miller v. Midwest Serv. Bur. of Topeka, Inc., 229 Kan. 322, 623 P.2d 1343, 1349 (1981).

FTL has argued that Miller is not applicable here because it is not a debt collection agency. The court agrees that Miller does not directly apply here because the uncontroverted

17

facts show that FTL is not a debt collection agency.  However, the court must still determine if FTL, as a tracking and locating company that arranges for repossession, engages in or enforces consumer transactions.  The court is persuaded that FTL is a supplier under the KCPA.  Based on the plain language of K.S.A. § 50-624(j) coupled with the preference for a liberal construction of the act, FTL falls within the definition of supplier and is subject to the provisions of the KCPA.  The court believes there is little question that FTL is attempting to enforce a consumer transaction by locating the property in question for repossession.  Such a step is a natural progression in the enforcement of a consumer transaction.  This determination is a logical extension of the decision reached in Miller.

The court shall next proceed to FTL's contention that it is entitled to summary judgment because there is no evidence that Richard L. Hayes entered into a consumer transaction with it. FTL points out that Richard L. Hayes bought the truck from Midwest Auto Group and financed it through ACA.  FTL argues there is no genuine issue of material fact to suggest that Hayes entered into the subject transaction, or any transaction, with FTL.

The court finds there is no need under the KCPA for Richard L. Hayes to have entered into a consumer transaction with FTL. In Miller, the Kansas Supreme Court made clear that a debt

18

collection agency not involved in the original consumer transaction was potentially liable under the KCPA. Richard L. Hayes did not have to enter into a transaction with FTL to assert a claim under the KCPA. The only requirements for the application of the KCPA were set forth in <u>Miller</u> and the facts before the court meet those requirements.

With these decisions, the court need not consider the other arguments raised by the parties. The court finds that FTL is entitled to summary judgment on the KCPA claims of Ginger Hayes and Richard W. Hayes. The court, however, shall deny FTL's motion for summary judgment on Richard L. Hayes' KCPA claims.

B. FDCPA

In its motion for summary judgment, FTL contends that the uncontroverted facts demonstrate that it was not a "debt collector" and was not attempting to collect a debt. FLT further argues that there is no genuine issue of material fact that Richard W. Hayes was not a "consumer" under the FDCPA. Finally, the FTL contends that the only section of the FDCPA, 15 U.S.C. § 1692f, that could apply to it does not apply here.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and its provisions apply almost exclusively to debt collectors, which the statute defines as "any person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

To prevail on a claim under the FDCPA, a plaintiff must prove that a "debt collector['s]" effort to collect a "debt" from a "consumer" violated some provision of the FDCPA. <u>Maynard v. Cannon</u>, 401 Fed.Appx. 389, 393 (10th Cir. 2010). Courts have consistently found that enforcers of security interests, such as repossession agencies, may not be held liable under the general provisions of the FDCPA because they are not considered "debt collectors." <u>Montgomery v. Huntington Bank</u>, 346 F.3d 693, 699-700 (6th Cir. 2003); <u>Jordan v. Kent Recovery Services, Inc.</u>, 731 F.Supp. 652, 656-56 (D.Del. 1990). For purposes of section 1692f(6) of the FDCPA, however, the statute employs a broader definition of the term "debt collector," and includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

Section 1692f(6) prohibits debt collectors from using

> unfair or unconscionable means to collect or attempt to collect any debt, specifically: taking or threatening to take any nonjudicial action to effect dispossession or

20

disablement of property if (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (b) there is no present intention to take possession of the property; or (c) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6)(A)-(C).

This provision "applies to repossession agencies, those businesses which are employed by the owner of collateral to dispossess the debtor of the collateral and return it to the owner." Ghartey v. Chrysler Credit Corp., 1992 WL 373479 at *4 (E.D.N.Y. Nov.23, 1992)(citing Jordan, 731 F.Supp. 652, 657-59 (D.Del.1990)). Thus, a company that aids in repossession may be held liable for violations of section 1692f(6), but only if they engage in repossession in violation of one or more of its three provisions.

Plaintiffs argue that FTL is indeed a debt collector. This argument is based primarily upon the following language from FTL's website: "FTL Inc. is an investigation firm working directly with financial institutions, to maximize recovery ratios on problematic and overdue accounts." They also suggest that FTL is a debt collector under the FDCPA because they sent text messages and made telephone calls to Ginger Hayes and Richard W. Hayes.

The uncontroverted facts before the court show that FTL is not a debt collector as that term is defined in the FDCPA. Rather, the facts show that FTL is a company that finds, tracks and locates property for purposes of repossession. The language from FTL's website does not support or indicate that FTL is an independent debt collection agency. There is no evidence before the court that FTL sought to collect on the debt owed by Richard L. Hayes to ACA. Rather, the entirety of the evidence shows that FTL was seeking to locate the truck for repossession purposes.

FTL also contends that the undisputed facts show that 15 U.S.C. § 1692f(6) is not applicable here because it did not violate any of the required provisions. The court agrees. The facts show that plaintiffs were aware that the truck was subject to repossession and that FTL was seeking to locate the truck for purposes of repossession. The facts further show that FTL had a present right to repossess the truck because Richard L. Smith had defaulted on the finance agreement with ACA. Finally, there is no evidence that the truck was exempt by law from dispossession. Plaintiffs have failed to present any evidence that FTL engaged in repossession efforts in violation of 15 U.S.C. § 1692f(6). Accordingly, FTL is entitled to summary judgment on plaintiffs' FDCPA claims. With this decision, the

22

court need not consider the other arguments raised by FTL concerning plaintiffs' FDCPA claims.

V.

In sum, FTL's motion shall be granted in part and denied in part. The court shall grant summary judgment to FTL on the KCPA claims asserted by Ginger Hayes and Richard W. Hayes. The court shall also grant summary judgment to FTL on plaintiffs' claims asserted under the FDCPA. The remainder of the motion shall be denied.

IT IS THEREFORE ORDERED that defendant Find Track Locate, Inc.'s motion to dismiss or, in the alternative, for summary judgment (Doc. # 58) be hereby granted in part and denied in part as set forth in the foregoing memorandum and order.

IT IS SO ORDERED.

Dated this 9th day of October, 2014, at Topeka, Kansas.

s/RICHARD D. ROGERS
Richard D. Rogers
United States District Judge